Filed 5/5/25  P. v. Moss CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083117 |
| v. | (Super.Ct.No. BAF1800564) |
| NICHOLAS RICHIE WAYNE MOSS | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant
and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,
Charles C. Ragland, Assistant Attorney General, Elizabeth M. Renner and A. Natasha
Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Nicholas Richie Wayne Moss appeals from the trial court's order finding him ineligible for recall of his sentence and resentencing under Penal Code section 1172.75.[1]  Three years earlier, as directed by this court on remand following defendant's direct appeal of his underlying conviction (*People v. Moss* (Oct. 29, 2020, E072267) [nonpub. opn.] (*Moss*)), the trial court struck two prison prior enhancements (§ 667.5, subd. (b)) that had been imposed but stayed at defendant's original sentencing hearing.  Because those enhancements were stricken, the trial court did not err in denying defendant resentencing under section 1172.75.  We therefore affirm the trial court's order.

**BACKGROUND**

On November 15, 2018, a jury convicted defendant of assault with a deadly weapon (§ 245, subd. (a)(1)) and found defendant inflicted great bodily injury on the victim in committing the offense (§ 12022.7, subd. (a)).  In a bifurcated proceeding, the trial court found defendant had two prior strike convictions (§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a)), two serious felony priors (§ 667, subd. (a)), and two prior prison commitments (§ 667.5, subd. (b)).  In January 2019, the court sentenced defendant to an indeterminate term of 25 years to life in prison but entered a stay on defendant's serious felony and prison prior enhancements.  The court subsequently amended the abstract of judgment to reflect a consecutive but stayed term for the great bodily injury enhancement.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

Defendant appealed and, in pertinent part, this court ordered the prison priors stricken because then newly effective Senate Bill No. 136 (2019-2020 Reg. Sess.) "eliminate[s] the one-year sentences for prior prison terms served unless the prior prison term involves a conviction of a sexually violent offense (which is not involved here)." (*Moss*, *supra*, E072267.) Our opinion continued: "Defendant's case is not yet final, and as conceded by the People, the two section 667.5, subdivision (b), enhancements for his two prior prison sentences should be stricken. We will direct the trial court to strike the prior prison terms imposed pursuant to section 667.5, subdivision (b)." (*Moss*, *supra*, E072267.)

At a hearing on remittitur on May 18, 2021, the trial court struck the two prison priors and furthermore struck the two serious felony priors, also pursuant to this court's direction in *Moss*, *supra*, E072236. The trial court's minute order following the hearing states: "Court orders Prior(s) 01 02 03 04 Stricken." As to the prison prior enhancements in particular, the court ordered, "So we're going to strike those." At the courtroom clerk's request at the close of the hearing, the court clarified as to both "the 667(a)" and "the 667.5(b)" priors that "we're striking all of them. There's four." The trial court ordered that an "amended abstract be issued" to reflect the changes, but the abstract of judgment filed two days later, on May 20, 2021, continued to indicate the two prison priors (and the serious felony priors) remained stayed.

At a hearing in December 2023, the trial court found defendant was "not entitled to relief" under section 1172.75 for recall of his sentence and resentencing. At the outset of the hearing, defendant's public defender submitted that defendant "appears not to be eligible for . . . resentencing" because his prison prior enhancements had been stricken, though that was not reflected on defendant's abstract of judgment. The trial court agreed that defendant was ineligible and granted defendant's motion to correct the abstract of judgment to reflect the court's order on May 18, 2021, striking the prison priors. The court ordered "[t]he abstract of judgment . . . to be corrected to show nothing in the enhancements box." The abstract was amended accordingly in January 2024, with all references to the prison priors deleted.

## DISCUSSION

Defendant argues he is entitled to resentencing relief under section 1172.75 even though the prison prior enhancements on which the trial court entered a stay at his original sentencing hearing were ordered stricken by this court. Defendant concedes "it is true that, on May 18, 202[]1, the [trial] court intended to strike the priors," but defendant relies on the fact that, at least as reflected on his abstract of judgment, "that did not happen." Defendant does not dispute that the court struck the priors at the May 18, 2021, hearing, nor could he, since the court's oral pronouncement controls what may be reflected in a written memorandum of the court's order. As the Supreme Court has explained, "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the

4

judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

At bottom, defendant's contention that he is eligible for resentencing rests on the error in the abstract of judgment. More specifically, he relies on an excerpted quotation from *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted February 21, 2024, S283189. Quoting *Christianson*, defendant contends that at a hearing regarding section 1172.75 resentencing eligibility, "the trial court's role [i]s to 'verify' if [the defendant] was '*serving time on an abstract of judgment* that includes a section 667.5, subdivision (b) enhancement that was imposed and stayed." (*Christianson*, at p. 311.) We are not persuaded by defendant's invocation of *Christianson*'s interpretation of section 1172.75.

Nor it turns out is the court that decided *Christianson*, which has recently determined that in the circumstances here—where a prison prior enhancement that was originally imposed and stayed is stricken following the defendant's direct appeal—the defendant is ineligible for resentencing under section 1172.75. (See *People v. Tang* (2025) 109 Cal.App.5th 1003, 105 (*Tang*) [a stricken enhancement is not "imposed" within the meaning of § 1172.75, as is necessary for relief under the statute.)

Our review is de novo. (*Tang*, *supra*, 109 Cal.App.5th at p. 107.)

At the time of defendant's conviction and sentencing, "section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019)

5

42 Cal.App.5th 664, 681.)  Subsequently, section 1172.75 now provides, with an exception that is not applicable here:  "Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a), italics added.[2])

Critical to our analysis here, section 1172.75 further provides in express language a conditional trigger for recall and resentencing under the statute, namely:  only "*[i]f*" the superior court in which the defendant was sentenced "determines that the [defendant's] current judgment includes an enhancement described in subdivision (a)."  (§ 1172.75, subd. (c); see *id.*, subd. (b) [specifying sentencing court as recall and resentencing venue].)  Stated again in relevant part, subdivision (c) of section 1172.75 provides:  "*If* the court determines that *the current judgment* includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (Italics added.)  In reviewing statutory language, absent ambiguity, "[t]he statute's plain meaning controls."  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Here it is clear under section 1172.75, subdivision (c)'s conditional language that defendant is not eligible for recall and resentencing under the statute.  As noted, this court ordered defendant's two one-year prison prior enhancements stricken (*Moss*, *supra*, E072236), and the trial court did so on remand.  With those enhancements removed, nothing in defendant's "current judgment" qualified him for recall of his sentence and

---

[2]  The exception specifies that only prior prison enhancements "for a prior conviction for a sexually violent offense" remain valid.  (§ 1172.75, subd. (a).)

resentencing. (§ 1172.75, subd. (c).) In other words, no section 667.5, subdivision (b), enhancement or enhancements remained "imposed" under section 1172.75.

*Tang* reaches the same conclusion that a defendant is ineligible for resentencing in similar circumstances. The *Tang* court cautioned, "The proper interpretation of section 1172.75 is the subject of conflicting published appellate opinions and is under review by our Supreme Court." (*Tang, supra*, 109 Cal.App.5th at p. 107.) We set out those decisions in the margin,[3] but as *Tang* also observed, "none of those cases involved an enhancement that was stricken." (*Ibid.*)

In *Tang*, the appellate court there previously on direct review of the defendant's conviction and sentence applied Supreme Court precedent to modify the judgment to strike the defendant's prison prior enhancement that the trial court had imposed but stayed at the defendant's original sentencing. (*Tang, supra*, 109 Cal.App.5th at p. 1008, [applying *People v. Jones* (1993) 5 Cal.4th 1142, 1153].) *Tang* noted that, in the decades between the defendant's direct appeal and the trial court's subsequent consideration of whether the defendant was eligible for relief under section 1172.75, "[t]he abstract of judgment was apparently not amended to reflect our modification of the judgment." (*Tang*, at p. 1009.) As a result, the California Department of Corrections and

---

[3] In addition to *Christianson*, cases pending high court review regarding recall and resentencing eligibility under section 1172.75 include: *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169; *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted March 12, 2024, S283547; *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted August 14, 2024, S285853; and *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987.

7

Rehabilitation, acting under section 1172.75, subdivision (b), as appears to have been the case here, "identified an imposed enhancement." (*Tang*, at p. 1009.) The trial court at the underlying section 1172.75 hearing in *Tang*, however, determined as part of "the verification stage" required by section 1172.75, subdivision (c), that "the judgment did not include a qualifying enhancement because it had been stricken on appeal, despite what the preappeal abstract of judgment showed." (*Tang*, at p. 1009.) *Tang* upheld the trial court's conclusion that the defendant was not eligible for resentencing. The appellate court reasoned that, once the defendant's previously stayed prison prior enhancement had been stricken upon the defendant's direct appeal, "[i]t would be anomalous to conclude that an enhancement was both imposed by and stricken from the judgment," within the meaning of "imposed" in section 1172.75. (*Tang*, at p. 1008.)

*Tang* expressly rejected, as do we, the identical argument defendant makes here in relying on an erroneous abstract of judgment. Contrary to defendant's assertion: "The statute and the legislative history refer to whether the judgment, not the abstract of judgment, includes a prison prior enhancement. (See § 1172.75, subds. (b) & (c); Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill 483 (2021–2022 Reg. Sess.) as amended Sept. 1, 2021, p. 3.)" (*Tang*, *supra*, 109 Cal.App.5th at p. 1009.) No more is required for us to conclude that the trial court here correctly found defendant ineligible for relief under section 1172.75.

8

**DISPOSITION**

The trial court's order finding defendant ineligible for recall of his sentence and resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.